**ESTATE OF Romeo DUPLISSIS, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary, United States Department of Health and Human Services, Defendant.**

Civ. No. 83–0285 P.

United States District Court,
D. Maine.

Nov. 20, 1986.

Michael A. Bell, Bell & Geores, Portland, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## ORDER MODIFYING AND GRANTING PLAINTIFF'S MOTION TO CORRECT AND SUPPLEMENT ORDER GRANTING ATTORNEY'S FEES

GENE CARTER, District Judge.

This Order is issued in response to Plaintiff's request for an increase in the award granted under Plaintiff's Equal Access to Justice Act (EAJA) application. Plaintiff's motion is granted, although he will not receive the full sum that he has requested.

On June 7, 1982, Romeo Duplissis applied for disability insurance benefits, claiming that he was unable to work due to pain in his back, hips, ribs, buttocks, and legs. His application was not approved and on December 22, 1982, he appeared, with counsel, before an Administrative Law Judge, who ruled that he was disabled and entitled to benefits relating back to January 1, 1982. The Appeals Council reversed, finding that Mr. Duplissis did not have a severe impairment. Its decision constituted the final decision of the Secretary and was appealed to this Court, which, in an opinion by the United States Magistrate, reversed and remanded the action on July 24, 1984. On September 26, 1984, the Administrative Law Judge reaffirmed his original findings, and on January 31, 1985, his findings were adopted by the Appeals Council. The case was dismissed by stipulation on July 11, 1985, and Mr. Duplissis received benefits dating back to January 1, 1982.

Mr. Duplissis died shortly thereafter and an EAJA application for attorney's fees was brought by his estate on August 12, 1985. On September 9, 1985, the application was denied by the Magistrate, who found that although the Plaintiff had ultimately prevailed on the underlying action, the Secretary's defense had been substantially justified. Plaintiff subsequently appealed, and on July 16, 1986 this Court reversed, finding that the Secretary's position was not substantially justified and that Plaintiff was entitled to the $1,970.25 that he had applied for in his initial EAJA application on August 8, 1985. That award reimbursed for 25.75 hours at $75 per hour and for $39 in costs. It included reimbursement for approximately nineteen hours of work on the disability claim and approximately seven hours of work preparing the EAJA application.

Plaintiff now requests an additional $2,522. The supplement requested is predicated solely upon time and effort expended appealing the initial EAJA decision. It includes 26.05 hours accumulated between August 9, 1985 and November 14, 1985 and originally submitted to this Court in an affidavit dated November 14, 1985, and 7.15 hours accumulated between December 4, 1985 and July 21, 1986, and submitted to this Court in an affidavit dated July 21, 1986.

■ Despite the complex nature of some of the issues presented in this litigation, it is clear after a complete review of the record that $2,522 is an excessive award for preparing this EAJA appeal. However, some supplement is in order. After a careful study of the file and the billing papers of Plaintiff's counsel, the Court finds that a fair and reasonable additional fee to compensate counsel reasonably for time properly spent appealing the initial EAJA decision is eight hundred dollars ($800.00). The claimed expenditure of 33.20 hours on this aspect of the matter is clearly excessive. The work should reasonably have been completed in approximately 10.5 hours. It is, therefore, *ORDERED* that the Plaintiff's award be increased by eight hundred dollars ($800) to a total of two thousand seven hundred seventy dollars and twenty-five cents ($2,770.25).

■ Defendant's argument that the Estate of Romeo Duplissis is not the prevailing party because Mr. Duplissis, himself, rather than his estate, was the original plaintiff, will not be addressed. Such a theory was not advanced before the Magistrate, nor was it raised before this Court when the question of the propriety of the original EAJA award was before the Court. Defendant is deemed to have waived the argument, and cannot now raise it for the first time.